RAMÓN MONTANER, ETC., Appellant, *v*. INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 7. Argued April 5, 1937.—Decided April 30, 1937.

*B. Fernández García*, Attorney General, *Emilio de Aldrey*, Assistant Attorney General, and *Luis Negrón Fernández* for appellant. *M. León Parra* for respondent Commission.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a proceeding before the Industrial Commission of Puerto Rico and heard by it on the 19th of August 1936. It arrived there on account of an appeal by Petra and Generosa Ortiz. The facts were resumed by Mr. Negrón, acting as counsel for the Manager of the State Fund, in effect as follows:

"That Donato Ortiz had had an accident while working for the Bull Insular Line on the 5th of November 1935, at San Juan, P. R. The case was considered to be compensable by the State Fund but it did not find or consider that at that date there were dependent persons, under the law then existing, with a right to receive compensation.

"Subsequently an appeal was taken to the Industrial Commission by the attorney Rivera de la Vega which was dismissed and the case sent back to the State Fund for the reason that what was alleged was that natural children were the beneficiaries of the deceased

workman and this did not appear from the record of the State Fund. (It would thus seem that the review then made by the Commission was by a certificate from the State Fund of the proof before it.)

"After this date the case was considered again as one in which no dependent persons existed despite the fact that the petitioners had been investigated. This was the case and now they appeal anew and ask the Industrial Commission that it should fix and give compensation, as beneficiaries of the deceased workman, to Petra and Generosa Ortiz, foster-children of the deceased workman.

"The State Fund admits that the case is remunerable but that the state of dependency that the law requires does not exist."

Then the appellants proceeded to present the typewritten record of the testimony heard by the Manager of the State Fund. The manager objected but his objection was either not considered or overruled. The Manager of the State Fund, it might be said, rested on this objection, presented no further proof and asked for no further privilege before the commission.

The commission examined the stenographic record and weighed the evidence therein with exceeding care and found that the two girls were nieces of the deceased workman and that the latter had taken them into his house at a very young age and made provision for them practically in every way. That this was so much the case that one or more witnesses thought that the petitioners were the children of the deceased workman. The holding in the commission was that only Petra could be benefited as her sister, Generosa, was too old to be entitled to receive any benefit under the law.

The question of law in this case is exclusively whether the commission had a right to consider the typewritten record.

Before the commission the primary objection of the Manager of the State Fund was as follows:

"The State Fund maintains that in accordance with the provisions of the law the evidence to be found in the record has a private character with the exception that it might be examined by the parties or by the beneficiaries and their lawyers."

It may be inferred from further things that counsel for the State Fund said that the idea of the manager was that the witness themselves ought to be produced before the commission.

Section 37 of the Workmen's Compensation Act, No. 45 of 1935 (p. 250) provides:

"Information acquired by virtue of the provisions of this Act by the Industrial Commission, by the Manager of the State Fund, or by any officer or employee to whom the performance of some duty under this Act has been entrusted, shall be considered as of a private nature when so decided by the Industrial Commission or the Manager of the State Fund; and any officer or employee who discloses such information, except by order of a competent authority, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine of not more than five hundred (500) dollars or to imprisonment in jail for not more than six (6) months.

"Nothing in this section shall be construed as prohibiting the inspection by the interested party or by his attorney, of the reports and all other documents connected with this case."

The petitioners and the Industrial Commission maintained or held, as the case may be, that the transcript of the evidence was in no sense a private document. We infer from what was argued and from our own considerations that this typewritten record is not private to an extent which would prevent the parties or the Industrial Commission from using it.

The literal words of the section seem to refer rather to information that might be obtained by the Manager of the State Fund in the course of his investigation and that it does not refer to the evidence actually heard by him when he was determining a case before him.

In this court the suggestion is both that the evidence so to speak would be hearsay and that the Manager of the State Fund had no opportunity before the commission to cross-examine the witnesses.

As we have said, when the case came up before the commission, the manager did not ask permission to introduce

other evidence or to have the opportunity of cross-examining the witnesses. In general, we think such privilege should be accorded the parties.

The Industrial Commission is the final arbiter of the rights arising from industrial accidents. Before a court, if no due objection is made, any probatory matter may be admitted in evidence. No specific objection was made by the administrator other than the private character of the stenographer's notes.

We find nothing in the words of the statute to show what the nature of the hearing before the commission is, whether an appeal by way of revision, a trial *de novo*, or one of a mixed character.

At the risk of repetition we may say that we agree with the commission that the stenographer's notes taken before the Manager of the State Fund are primarily usable before the commission; that either party might present further evidence within the sound discretion of the commission or special witnesses might be called to be examined before the commission.

There is nothing in the record to show that the Manager of the State Fund had any other evidence in view than the testimony taken before him and carried up in the stenographer's notes. We are likewise of the opinion that an examination made by the Manager of the State Fund has a different character from evidence taken in one trial and attempted to be used in another trial between the same parties. If he did not believe the statements of the witnesses before him, the manager could either indicate that to the commission or have the witnesses recalled and so might the opposite party.

These considerations are somewhat fortified by a paragraph of section 6 on page 282 (Laws of 1935) which reads as follows:

"The Industrial Commission shall have power to approve rules and regulations to carry out the provisions, powers, and duties

prescribed for it by this Act, and to make the proceedings before it simple and summary. Such rules and regulations, when approved by the Governor and duly published and promulgated, shall have the force of law.''

It is evident that *prima facie* the transcript of the stenographer's notes taken before the Manager of the State Fund tends to make the proceedings simple and summary.

The decision of the Industrial Commission should be affirmed.